UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| EMILY RODRIGUES,<br>     Plaintiff,<br><br>     v.<br><br>DANIEL DOLAN,<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 22-cv-138-JJM-PAS |

ORDER

Plaintiff Emily Rodrigues asserts that Defendant Daniel Dolan, a former Pawtucket, Rhode Island police officer, used excessive force when arresting her on April 2, 2019.  ECF No. 1.  Mrs. Rodrigues has brought a claim against Officer Dolan under 42 U.S.C. § 1983 for excessive force in violation of the Fourth and Fourteenth Amendments, as well as state law assault and battery claims.  *Id.*  These claims survived the summary judgment stage, *see Rodrigues v. Dolan*, No. 22-cv-138-JJM-PAS, 2025 WL 2969179 (D.R.I. Oct. 21, 2025).  Now, in anticipation of trial, the parties have filed various evidentiary motions.  ECF Nos. 52, 53, 54.

## I.    BACKGROUND

The facts are set forth in detail in the Court's previous summary judgment Order.  *See Rodrigues*, 2025 WL 2969179, at *1-2.  In anticipation of trial, both Mrs. Rodrigues and Officer Dolan have filed various motions in limine.

Mrs. Rodrigues seeks to:

1. Exclude testimony from Captain Timothy Graham and Lieutenant Carrie Hormanski, who intend to testify on behalf of Officer Dolan concerning the Pawtucket Police Department's policies, trainings, and investigations into the use of force; and

2. Exclude evidence regarding a prior conviction of witness Francisco Rodrigues, Mrs. Rodrigues' husband.

Officer Dolan seeks to:

1. Exclude evidence related to other incidents of excessive force that he is alleged to have been involved with, as well as evidence of disciplinary action taken against him, his resignation from the Pawtucket Police Department, and evidence of a prior DUI conviction.

## II.    DISCUSSION

### A.    Mrs. Rodrigues' Motions

#### 1.    The Motion to Exclude Captain Graham and Lieutenant Hormanski's Proposed Testimony

Mrs. Rodrigues seeks to exclude the proposed testimony of Captain Graham and Lieutenant Hormanski.  ECF No. 53.  She argues that these proposed witnesses do not have personal knowledge of the incident giving rise to this action, and that they are rendering expert testimony without having timely disclosed it during discovery.

Beginning with Lieutenant Hormanski's testimony, Officer Dolan has made clear that he only intends to call her as a witness if Mrs. Rodrigues testifies about "complaints that were made with respect to [Officer] Dolan's conduct during his

2

arrest" of Mrs. Rodrigues.  ECF No. 55 at 1.  "If it turns out that no such testimony is offered, then [Officer Dolan] will not seek to call Lieutenant Hormanski to testify." *Id.*  The Court will DENY WITHOUT PREJUDICE Mrs. Rodrigues' motion to exclude Lieutenant Hormanski's testimony.  Mrs. Rodrigues can renew her motion at trial if it turns out to be necessary.

As for Captain Graham's testimony, the Court will permit him to testify about the Pawtucket Police Department's Use of Force policy and the training that the Pawtucket Police Department offers with respect to its Use of Force policy.  However, he may not testify about the encounter between Officer Dolan and Mrs. Rodrigues, and specifically whether Officer Dolan complied with the Pawtucket Police Department's Use of Force policy and training.

### 2.    The Motion to Exclude Evidence Regarding Mr. Rodrigues' Prior Convictions

Mrs. Rodrigues also seeks to exclude any reference to Mr. Rodrigues' past criminal convictions.  ECF No. 54 at 1.  Mr. Rodrigues, a former co-plaintiff in this case, is expected to "testify as to the exchange he had with [Officer] Dolan in the moments leading up to [his] [alleged] assault on [Mrs.] Rodrigues." *Id.*  As relevant here, Mrs. Rodrigues submits that Mr. Rodrigues has a 2019 conviction in which he pleaded *nolo contendere* to the charge of R.I. Gen. Law § 21-28-4.06(b)(1), "[k]nowingly keeping and maintaining a common nuisance, first offense." *Id.*  Officer Dolan seeks to offer evidence of this conviction to attack Mr. Rodrigues' character for truthfulness.  ECF No. 56 at 1.

3

Rule 609(a)(1) permits the admission of a conviction "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year." Fed. R. Evid. 609(a)(1). The offense under which Mr. Rodrigues was convicted makes it unlawful to "[k]nowingly keep[ ] and maintain[ ] a common nuisance," which is defined as "[a]ny store, shop, warehouse, building, vehicle, aircraft, vessel, or any place which is used for the unlawful sale, use, or keeping of a controlled substance." R.I. Gen. Laws § 21-28-4.06(a), (b)(1). This offense is punishable by imprisonment of "not more than five (5) years." *Id.*

However, an important caveat is that Rule 609(a)(1) is "subject to Rule 403." Fed. R. Evid. 609(a)(1). According to that rule, the conviction may be used for impeachment purposes "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The First Circuit has recognized that "past crimes that do not directly involve dishonesty or fraud . . . have some probative value for impeachment purposes." *United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005). "The nature of the underlying felony generally goes not to its admissibility per se but, rather, to its weight in the balancing of probative worth and prejudicial impact." *Id.* There are a "wide array of factors" that may be considered when determining whether evidence comes in under Rule 609, including: "(i) the impeachment value of the particular convictions; (ii) their immediacy or remoteness (even though they are within the ten-year window); (iii) the degree of potential prejudice that they portend; (iv) the importance of the defendant's

4

testimony; and (v) the salience of the credibility issue in the circumstances of the particular case." *Id.*

Applying these factors here, the Court finds that the probative value of the conviction is substantially outweighed by the danger of unfair prejudice. The First Circuit has said that "prior convictions for drug distribution bear on character for truthfulness." *United States v. Melvin*, 628 F. App'x 774, 778 n.7 (1st Cir. 2015) (first citing *United States v. Barrow*, 448 F.3d 37, 44 (1st Cir. 2006); then citing *Brito*, 427 F.3d at 64). However, Mr. Rodrigues was not convicted under a drug distribution statute. *Cf.* R.I. Gen. Laws § 21-28-4.01(d) (making it unlawful for a person to distribute or possess with intent to distribute a controlled substance). He was instead convicted under a separate statute that has little to no bearing on one's character for truthfulness. The conviction is also fairly remote in time, given that it occurred nearly seven years ago. Finally, there is a high degree of potential prejudice to Mr. Rodrigues if jurors incorrectly believe him to be a drug dealer and form negative perceptions about him as a result.

So, Mrs. Rodrigues' Motion to Exclude this evidence is GRANTED.

### B.     Officer Dolan's Motion to Exclude Prior Excessive Force Claims, Disciplinary Actions, and the Prior DUI Conviction

Mrs. Rodrigues has said that she intends to introduce evidence of: (1) other claims made concerning Officer Dolan's use of excessive force as a police officer; (2) disciplinary actions taken against Officer Dolan as well as his resignation from the Pawtucket Police Department; and (3) Officer Dolan's DUI conviction. ECF No. 59 at 2. Mrs. Rodrigues argues that this evidence is admissible as evidence of intent,

motive, and pattern under Rule 404(b)(2), as well as for impeachment purposes under Rule 608(b). *Id.* at 1-15. Officer Dolan, on the other hand, contends that Rule 404(b)(1) precludes this evidence from being admitted because it constitutes impermissible character evidence, and that Rule 609 renders evidence of his conviction inadmissible. ECF No. 52 at 2.

Beginning with the other claims made against Officer Dolan, the general rule is that evidence of a prior crime or other bad act "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"A trial court faced with a proffer of prior-bad-acts evidence 'must engage in a two-step analysis' to determine whether the evidence should be admitted." *United States v. García-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021) (quoting *United States v. Tkhilaishvili*, 926 F.3d 1, 15 (1st Cir. 2019)). "First, the trial court must determine whether the evidence has a 'special relevance' to an issue in the case." *Id.* (quoting *Tkhilaishvili*, 926 F.3d at 15). Evidence has special relevance where it "'is offered not to show a defendant's evil inclination but rather to establish some material fact.'" *Tkhilaishvili*, 926 F.3d at 15 (quoting *Veranda Beach Club Ltd. P'ship v. W. Sur. Co.*, 936 F.2d 1364, 1373 (1st Cir. 1991)).

"If the trial court finds sufficient relevance, the next step requires that it gauge probative weight against prejudicial effect pursuant to Fed. R. Evid. 403." *Veranda Beach Club*, 936 F.2d at 1373 (citing *United States v. Devin*, 918 F.2d 280, 286 (1st Cir. 1990)). "Under Rule 403, the trial court may exclude the prior-bad-acts evidence if it determines in its discretion that the probative value of the evidence is substantially outweighed by any unfair prejudice." *Id.* (citing *Tkhilaishvili*, 926 F.3d at 15; *United States v. Hicks*, 575 F.3d 130, 142 (1st Cir. 2009)). "Evidence is unfairly prejudicial if it 'invites the jury to render a verdict on an improper emotional basis.'" *DiRico v. City of Quincy*, 404 F.3d 464, 468 (1st Cir. 2005) (quoting *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000)).

Here, the Court finds that the proffered evidence does have a special relevance to the claims at issue here. It is not being introduced to show a general propensity to commit violent acts, which Rule 404(b)(1) disallows. Rather, Mrs. Rodrigues submits that the evidence is being used to demonstrate Officer Dolan's "intent to use excessive force to assert his authority when he felt it was being questioned," his "motive . . . to retaliate against civilians for questioning his authority," and his "pattern of intentional aggressive conduct . . . when interacting with civilians, particularly when he feels his authority is questioned." ECF No. 59 at 6-7. This evidence of intent, motive, and pattern, which Rule 404(b)(2) permits, bears directly on Mrs. Rodrigues' claims.

In addition, the incidents are relatively close in time to one another, with one claim of excessive force being made against Officer Dolan just three months after the

incident with Mrs. Rodrigues.  ECF No. 59 at 10.  The incidents are also sufficiently similar because, in each of them, Officer Dolan is accused of using excessive force against civilians while employed as a Pawtucket Police officer and while invoking an assertion of police authority and use-of-force training.  *Id.*  These factors weigh in favor of a finding of special relevance.  *See United States v. Landry*, 631 F.3d 597, 602-03 (1st Cir. 2011).

The Court also finds that the probative value of this evidence substantially outweighs the risk of unfair prejudice.  *See Ruffin v. City of Boston*, 146 F. App'x 501, 508 (1st Cir. 2005) (recognizing that, in a Section 1983 action involving excessive force, the trial court was in the best position to determine whether evidence of other instances in which officer allegedly used excessive force  constituted unfair prejudice or whether it could be used for other legitimate purposes).  Mrs. Rodrigues points out that the probative value of this evidence is much higher than that in *DiRico v. City of Quincy*, 404 F.3d 464 (1st Cir. 2005).  The Court agrees.  *DiRico* was a case in which the First Circuit found the probative value of "a single, unsubstantiated claim of use of excessive force" to be low.  404 F.3d at 468.  Here, by contrast, the evidence "consists of multiple documented incidents with detailed factual records, witness testimony, and judicial findings."  *Id.*

A limiting instruction can also assuage Officer Dolan's concern of unfair prejudice.  *See Landry*, 631 F.3d at 604 (recognizing that "a specific limiting instruction" that cautions the jury not to view evidence "as evidence of propensity" can reduce the risk of unfair prejudice).  Here, the Court will provide a limiting

8

instruction if Officer Dolan requests one at trial that directs the jury not to consider the proffered evidence as evidence of Officer Dolan's propensity to commit violent acts. Rather, the jury will be instructed to consider this evidence for the limited purposes for which they are offered: intent, motive, and pattern.

Under the same reasoning, the Court will also permit Mrs. Rodrigues to introduce evidence of disciplinary proceedings brought against Officer Dolan. She may raise the fact that he is no longer with the Pawtucket Police Department but may not introduce evidence as to the reasons for his resignation.

As for Officer Dolan's prior DUI conviction, the Court finds that evidence to be inadmissible. First, a DUI is not a crime that requires proof of a dishonest act or false statement. Fed. R. Evid. 609(a)(2). Second, the DUI does not bear on Officer Dolan's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). Finally, the Court does not find the conviction to have special relevance or probative value to the claims at issue in this case. Fed. R. Evid. 404(b); *see also* Fed. R. Evid. 403.

## III.  CONCLUSION

In summary, the Court rules as follows:

- ECF No. 52: GRANTED IN PART and DENIED IN PART. Evidence pertaining to other claims made concerning Officer Dolan's use of excessive force and disciplinary actions taken against Officer Dolan as a police officer will be admitted. Evidence related to the reasons for his resignation from the Pawtucket Police Department and his prior DUI conviction will not be admitted.

- ECF No. 53: GRANTED IN PART and DENIED IN PART.  Captain Graham will be permitted to testify to the Pawtucket Police Department's Use of Force policy and training, but he may not testify about the incident itself or whether Officer Dolan specifically complied with the Department's policy and training. The Motion to Exclude Lieutenant Hormanski's testimony is denied without prejudice, but Mrs. Rodrigues may renew the motion at trial if Lieutenant Hormanski's testimony turns out to be necessary.

- ECF No. 54: GRANTED.    Evidence pertaining to Mr. Rodrigues' 2019 conviction is inadmissible.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 20, 2026