UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMILY RODRIGUES,<br>Plaintiff,<br><br>v.<br><br>DANIEL DOLAN,<br>Defendant. | C.A. No. 22-cv-138-JJM-PAS |

## ORDER

A jury returned a verdict and damages award of $360,000 for Plaintiff Emily Rodrigues against Defendant Daniel Dolan after a four-day trial stemming from her complaint against him for excessive force, assault, and battery.[1] Mr. Dolan moved for judgment as a matter of law under Fed. R. Civ. P. Rule 50 after the close of Plaintiff's case and again at the close of all evidence and now renews his motion post-trial. ECF No. 72. He also moves for a new trial or remittitur under Fed. R. Civ. P. Rule 59. *Id.* Because the Court finds that its pre-trial legal determinations should stand and the jury's verdict and damages award is supported by the evidence, the Court denies Mr. Dolan's motion.

## I. STANDARD OF REVIEW

The standard to consider a motion under Federal Rule of Civil Procedure 50 for judgment as a matter of law limits the Court's purview. "Courts may only grant

[1] Ms. Rodrigues made additional claims in her complaint, but the Court dismissed those on Mr. Dolan's Motion for Summary Judgment so these three were the claims the jury decided.

a judgment contravening a jury's determination when 'the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party.'" *Rivera Castillo v. Autokirey, Inc.*, 379 F.3d 4, 9 (1st Cir. 2004) (quoting *Keisling v. SER–Jobs for Progress, Inc.*, 19 F.3d 755, 759–60 (1st Cir. 1994)). To grant a motion for a new trial under Federal Rule of Civil Procedure 59(a), the court must find the jury's verdict to be "against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." *Casillas–Díaz v. Palau*, 463 F.3d 77, 81 (1st Cir. 2006).

## II. DISCUSSION

### A. Rule 50 – Qualified Immunity

Pre-trial, the Court denied Mr. Dolan's summary judgment motion based on qualified immunity, finding that he could not meet the standard based on the disputed facts at that stage. Now he seeks reconsideration of this decision, arguing that a reasonable jury could not conclude from the evidence that was admitted at trial that he knowingly violated the law in his interactions with Ms. Rodrigues.

Qualified immunity shields a government official from civil liability for actions taken under color of state law. *Gray v. Cummings*, 917 F.3d 1, 9 (1st Cir. 2019) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A police officer may claim this defense "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). A right is "clearly established" if its contours are "sufficiently clear that every

'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

There is a two-step analysis in resolving questions of qualified immunity. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014)). The Court first asks whether the facts "taken in the light most favorable to the party asserting the injury ... show the officer's conduct violated a federal right." *Id.* If the facts support an answer in the affirmative, then the court moves to the second step, where it must ask "whether the right in question was clearly established at the time of the violation." *Id.*

In its summary judgment ruling, the Court found that Ms. Rodrigues satisfied the first step of the inquiry because—when all the facts were construed in her favor—she sufficiently showed a constitutional violation of her right to be free from unnecessary and excessive force. The Court also concluded that the right was clearly established, noting that "[i]t goes without saying that the Fourth Amendment guarantees the right to be free from excessive force. Police officers need not be reminded that the Fourth Amendment prohibits them from" engaging in excessive force. *Blake v. City of Providence*, C.A. No. 21-154-JJM-PAS, 2024 WL 3362988, at *3 (D.R.I. July 8, 2024) (quoting *Howe v. Town of N. Andover*, 854 F. Supp. 2d 131, 143 (D. Mass. 2012)). So, the Court denied Mr. Dolan's motion based on qualified immunity.

In considering a qualified immunity defense after a verdict, "the evidence must be construed in the light most hospitable to the party that prevailed at trial . . . and

deference should be accorded to the jury's discernible resolution of disputed factual issues." *Iacobucci v. Boulter*, 193 F.3d 14, 23 (1st Cir. 1999). The Court should "balance the individual's interest against the government's, weighing three non-exclusive factors: (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Raiche v. Pietroski*, 623 F.3d 30, 36 (1st Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989). Looking at the evidence admitted at trial for the jury's consideration when it evaluated the reasonableness of Mr. Dolan's conduct, the Court finds that the *Graham* factors show that the balance weighs in favor of Ms. Rodrigues' interest over Mr. Dolan's. Ms. Rodrigues was stopped on a non-violent registration violation, the testimony and body worn camera ("BWC") evidence could lead the jury to conclude that she posed no threat to officer or public safety, and while she started walking away when he aggressively approached her, she did not attempt to flee the scene.

Mr. Dolan argues that no reasonable fact finder could conclude that his conduct was so deficient that, under the same circumstances, no other reasonable officer could have acted the same. But after the full trial and viewing the facts in the light most favorable to Ms. Rodrigues who prevailed at trial, the Court concludes that there was ample evidence to support the jury's finding that Mr. Dolan's conduct was unreasonable under the circumstances and, therefore, that a constitutional violation of her right to be free from excessive force occurred. The jury heard Ms. Rodrigues testify that Mr. Dolan drove straight toward her at high speed without telling her it

was a traffic stop. She also testified that when he told her to get back to her vehicle, she had no time to respond before he put his hands on her, and from then on she could not voluntarily walk to the sidewalk or do anything except try to protect herself. She testified that Mr. Dolan rushed over to her after his verbal altercation with Mr. Rodrigues and started shoving her against a fence, yanking at her sweatshirt, and grabbing at her breast. The facts in evidence were sufficient for the jury to determine that Mr. Dolan's use of force on Ms. Rodrigues was not reasonable under the circumstances but was excessive in accordance with the law as they were instructed.[2]

Viewing the evidence in the light most favorable to the jury verdict, the Court concludes that Mr. Dolan was not entitled to qualified immunity because the jury could and did find that he violated Ms. Rodrigues' constitutional right to be free of excessive force. As the Court found on summary judgment, this right was clearly established at the time of Ms. Rodrigues' injury and a reasonable officer in Mr. Dolan's position would have believed that his actions violated her constitutional right. Mr. Dolan's Rule 50 motion on the applicability of qualified immunity is denied.

---

[2] Most of the excessive force was caught on video and received into evidence, which the jury could assess and evaluate on their own.

**B. Rule 59 – Motion for a New Trial**

**1. Verdict was against the evidence.**

Mr. Dolan argues that he needs a new trial because the verdict was against the weight of the evidence. The Court laid out the evidence the jury heard to come to a unanimous verdict in Ms. Rodrigues' favor in the previous section. In short, the jury watched the BWC footage many times during the trial and gave it the weight they believed it deserved and judged the witnesses' credibility based on it. Mr. Dolan testified that he used the force necessary to handcuff her and Ms. Rodrigues described how he used physical force to restrain her when her only crime was punishable with a traffic ticket. The jury listened to the testimony, assessed the reliability of the events as told by the two people involved, and determined that Mr. Dolan used excessive force and was liable for assault and battery. The jury was the factfinder here and the Court defers to its resolution of any disputed facts. *See Iacobucci*, 193 F.3d at 23. Therefore, the Court denies Mr. Dolan's Rule 59 motion on this ground.

**2. Other-Acts Evidence Should have been Excluded.**

Before trial, Mr. Dolan filed a motion in limine seeking to exclude evidence related to other incidents of excessive force that he is alleged to have been involved with, as well as evidence of disciplinary action taken against him, his resignation from the Pawtucket Police Department, and evidence of a prior DUI conviction. The Court found that the other-acts evidence had special relevance to Ms. Rodrigues'

claims and were more probative than prejudicial.[3] The Court found that this other-acts evidence is permitted by Rule 404(b)(2) because it goes to Mr. Dolan's intent, motive, and pattern and bears directly on Ms. Rodrigues' claims. ECF No. 60 at 7. The Court also found those events relevant because they occurred close in time to one another and were sufficiently similar to Ms. Rodrigues' encounter with Mr. Dolan in this case. *Id.* at 7-8.

After reviewing the motion in limine and the evidence at trial, the Court finds that the other-acts evidence was appropriately admitted for the limited purpose outlined in its Motion in Limine decision. The jury watched the BWC videos of Mr. Dolan's interaction with Ms. Rodrigues so the Court cannot say that the jury rendered its verdict on "'an improper emotional basis'" rooted in the other acts that were only referenced without a recorded account. *DiRico v. City of Quincy*, 404 F.3d 464, 468 (1st Cir. 2005) (quoting *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000)). In fact, Mr. Dolan points out that Ms. Rodrigues did not present any documentation to the jury with the details of these other acts but asked him limited questions about his understanding of those events. The jury was not inundated with court records and pleadings in support of these other acts so the Court cannot say that they were overloaded with evidence to inflame their emotions. Additionally, the Court also provided a limiting instruction to the jury directing that it should not consider the proffered evidence as evidence of Mr. Dolan's propensity to commit

[3] The Court held that Ms. Rodrigues could state that Mr. Dolan was no longer with the Pawtucket Police Department but could not introduce evidence as to the reasons for his resignation and excluded evidence of his prior DUI conviction.

violent acts, but to consider this other-acts evidence for the limited purposes for which they are offered: intent, motive, and pattern. Therefore, the Court finds that it did not err in allowing the jury to hear about Mr. Dolan's other similar acts as they were relevant to Ms. Rodrigues' claims and not unfairly prejudicial as admitted with limiting instructions.

**3. Excessive Damages**

Finally, Mr. Dolan moves for a new trial or remittitur because he believes the damages the jury awarded are excessive because Ms. Rodrigues did not admit any evidence of medical damages or psychiatric treatment. Ms. Rodrigues recounts her testimony about the traumatic effect of this incident, especially due to her experiences with violence in her past, arguing that the jury's award is based on the evidence and their good judgment.

The Court is mindful that "translating legal damage into money damages—especially in cases which involve few significant items of measurable economic loss—is a matter peculiarly within a jury's ken." *Sanchez v. P.R. Oil Co.*, 37 F.3d 712, 723 (1st Cir. 1994) (alteration and internal quotation marks omitted). As Ms. Rodrigues points out, while the $360,000 award is significant, it is not outrageous when compared to other jury awards for emotional distress. *See, e.g.*, *Trainor v. HEI Hosp., LLC*, 699 F.3d 19, 32 (1st Cir. 2012) (evidence from physician or other mental health professional not required to establish award of $200,000 in damages for emotional distress); *Aponte–Rivera v. DHL Solutions (USA), Inc.*, 650 F.3d 803, 811-212 (1st Cir. 2011) (upholding emotional distress damages of $200,000 where employee did

not introduce expert testimony about mental health or medical treatment); *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 63-64 (1st Cir. 2005) (upholding $250,000 award of damages for emotional distress where plaintiff experienced a drastic life change, financial difficulties, marital problems, and depression). Ms. Rodrigues recounted her distress and mental health struggles rooted in her past trauma that she had to revisit after her interaction with Mr. Dolan.

The First Circuit counseled not to "'disturb an award of damages because it is extremely generous or because we think the damages are considerably less.' Rather, the defendant must establish that the award 'is so grossly disproportionate to any injury established by the evidence as to be unconscionable as a matter of law.'" *McDonough v. City of Quincy*, 452 F.3d 8, 22 (1st Cir. 2006) (quoting *Koster v. Trans World Airlines*, 181 F.3d 24, 34 (1st Cir. 1999)). Mr. Dolan has not established that the award is unconscionable as a matter of law. The Court will not disturb the jury's damages award based on less.

## III. CONCLUSION

Because the verdict was not "against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice[,]" Mr. Dolan's motion for a new trial is denied on all grounds. *Casillas–Díaz v. Palau*, 463 F.3d 77, 81 (1st Cir. 2006). For the reasons stated, the Court DENIES Mr. Dolan's Motion for Judgment as a Matter of Law and his Motion for a New Trial or Remittitur. ECF No. 72.

IT IS SO ORDERED.

***/s/ John J. McConnel, Jr.***

_________________________________

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 2, 2026